| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

| UNITED STATES OF AMERICA, | |
| --- | --- |
| Plaintiff, | MEMORANDUM |
| - versus - | 10-CR-131 (JG) |
| OZGUR EVREN, | |
| Defendant. | |

JOHN GLEESON, United States District Judge:

Over the government's objection, yesterday I adjourned the defendant's sentencing to February 1, 2013. I write briefly to explain why.

As a general rule, "the goals of sentencing – including providing just punishment, promoting respect for the law, affording adequate deterrence, and protecting the public from further crimes of the defendant – weigh in favor of proceeding to sentence without undue delay." 9/25/12 Gov't Ltr. at 3 (ECF No. 53). But there are often considerations that warrant an adjournment of sentence. For example, the government frequently seeks lengthy adjournments, sometimes totaling many years, to allow defendants who have pled guilty to violent crimes to remain at liberty in the community so they can cooperate with law enforcement agencies. In that situation, the value of the cooperation can outweigh the other factors that weigh in favor of a speedy sentence.

Other circumstances may have the same effect. Here, Evren has pled guilty to a federal felony (possession of child pornography), and the government will be seeking a lengthy prison term. Evren will face extremely difficult barriers to successful reentry at the conclusion of his prison term. In anticipation of these barriers, Evren seeks a sentencing adjournment of a

few additional months to complete the final requirements for his Ph.D. in mathematics. It is obvious that Evren will be better situated to meet the challenges that will beset his reentry efforts and life prospects generally if he is able first to obtain his Ph.D.

There are always risks when a defendant who has pled guilty to a serious crime is permitted to remain in the community pending sentence. Though they can never be eliminated entirely, steps can be taken to blunt them. When the government seeks the release of dangerous cooperators, I monitor the supervision and cooperation. In some cases, I require the defendant to personally appear before me monthly. In this context as well I have taken steps to reduce the risks posed by the defendant's continued liberty. Indeed, some have been taken at the request of the government. Evren is under intense pretrial supervision, and thus his risk of reoffending or endangering the public is reduced in that way. He has also taken the requisite steps to register as a sex offender in New York – alleviating the very concern that supplied the basis of the government's previous opposition to Evren's adjournment request. *See* 3/12/12 Gov't Ltr. (ECF No. 40).

In considering any sentencing adjournment request, a court is called upon to weigh (and perhaps ameliorate) the danger of a delay in sentencing against the benefits – including basic fairness – to be achieved by the delay. I have done that here, and I am confident that the government's legitimate concerns have been addressed. I am equally confident that justice is best served in this case by allowing Evren to earn his Ph.D. before he is sentenced.

John Gleeson, U.S.D.J.

Dated: September 27, 2012
Brooklyn, New York